936 F.2d 573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LA-Z-BOY CHAIR CO., Plaintiff-Appellee,
v.
David W. REED, Defendant-Appellant.
 No. 90-6013.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1991.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendant appeals the declaratory judgment for the plaintiff and judgment against the defendant on his cross-petition for worker's compensation, entered by the District Court after a bench trial. Plaintiff had alleged that it owed no worker's compensation benefits to defendant under Tennessee worker's compensation law; defendant counter-claimed for worker's compensation benefits.
 
 
 2
 Defendant has allergy-related symptoms. After seeing several physicians, including two allergists at Vanderbilt University Medical Center, he went to see Dr. Furr, a Knoxville, Tennessee physician. Dr. Furr concluded that exposure to 1.1.1 trichloroethane at La-Z-Boy had depressed defendant's immune system, causing him to become hypersensitive to other chemicals and naturally occuring substances. This theory is called "multiple chemical sensitivity," and is espoused by a group of physicians called the American Academy of Environmental Medicine. Based on what he described as a "cascading effect," Dr. Furr testified that exposure to 1.1.1 trichoroethane resulted in sensitivity and allergic-type reactions to additional chemicals as well as the 1.1.1 trichloroethane.
 
 
 3
 The evidence showed that other physicians who examined plaintiff have diagnosed his condition as partially allergic and partially chronic rhinitis. This is an inflamation of the inside of the nose. He also has mild asthma and allergic conjunctivitis, as well as depression. Plaintiff offered expert testimony of allergists and immunologists that rhinitis is not caused nor enhanced by exposure to 1.1.1 trichloroethane.
 
 
 4
 At trial defendant introduced the results of one blood test which showed the level of 1.1.1 trichloroethane to be higher than "normal" in the plaintiff's blood. Expert testimony showed, however, that the level found in plaintiff's blood would result from 1.1.1 trichloroethane in the air at levels well below OSHA limits. There is no evidence that this one abnormal test was ever duplicated.
 
 
 5
 Plaintiff presented as one of its experts the physician who drafted the position paper of the American College of Physicians regarding the field of clinical ecology. This is the name which the American Academy of Environmental Medicine has given the area of medicine which includes "multiple chemical sensitivity" and the "cascading effect." The American College of Physicians takes the position that the theory of multiple chemical sensitivity is not supported by any valid medical evidence.
 
 
 6
 Defendant's single claim on appeal is that the trial court erred in refusing to admit Dr. Furr's testimony. Defendant urges that if Dr. Furr had been recognized as an expert in his field, defendant would have succeeded on his claim.
 
 
 7
 Defendant's misunderstands the judgment of the District Court. A review of the trial transcript shows that plaintiff objected to the testimony of Dr. Furr, and that the District Court admitted the testimony over those objections. Thus, there is no factual basis for the claim that the District Court refused to consider Dr. Furr's opinion.
 
 
 8
 Although the District Court's opinion is not explicit in this regard, it is clear after reading the trial transcript and judgment together that the court's statement that Dr. Furr's testimony cannot be relied upon was made as a finding of fact after it had heard all the evidence. The evidence received by the trial court, including the testimony of Dr. Furr, was conflicting and it was the duty of the court to resolve those conflicts and make factual findings upon which it could render a judgment. Having heard the testimony of all the witnesses, the district court resolved the conflicting evidence in its finding that the theories proposed by Dr. Furr did not sufficiently explain away the findings and medical diagnoses of the other experts who testified. This finding is not clearly erroneous, and therefore is not reversable by this Court. Fed.R.Civ.P. 52(a).
 
 
 9
 We add that even if the District Court had given great weight to the theory of multiple chemical sensitivity, there is no evidence in the record that such a condition had disabled the defendant. Dr. Furr did state that the plaintiff was 100% disabled, but he also testified that he had done no more than look into plaintiff's nose and listen to him breathe. The examination by the allergist at Vanderbilt Medical Center included a pulmonary workup to determine whether there was lung impairment. His opinion is that no historical information, physical examination or current studies would lead to a conclusion, based on a reasonable medical certainty, that defendant suffered a permanent injury or impairment of function. In light of the absence of any stated basis for Dr. Furr's opinion that defendant was impaired, the opinion of non-disability given by the allergist at Vanderbilt seems fatal to defendant's claim. Even if there is a "cascading effect," there is no evidence that it has affected defendant.
 
 
 10
 We hold that the findings of the District Court are not clearly erroneous and are supported by the evidence. Accordingly, we AFFIRM the judgment of the District Court.